IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BRIAN D. DRENNING, | ) |
| *Plaintiff,* | ) ) ) |
| v. | )  Civil Action No. 1:23-cv-1438 (PTG/IDD) |
| CARLOS DEL TORO, | ) ) |
| *Secretary of the Navy,* | ) ) |
| *Defendant.* | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the parties' cross-motions for summary judgment (Dkts. 13 & 19). Plaintiff Brian Drenning challenges the decision of the Board for Correction of Naval Records ("BCNR") denying his application to correct his naval record, which would overturn his administrative separation from the Navy. Dkt. 1 ("Compl.") ¶¶ 28–29; AR 001–003.[1] As the basis for this challenge, Plaintiff alleges that the finding of the Administrative Separation Board ("Separation Board") that Plaintiff committed the offense of obstruction of justice, which led to Plaintiff's separation, was based on a legal error. Dkt. 14 at 11–14. Thus, Plaintiff submits that the BCNR acted arbitrarily and capriciously in affirming the Separation Board's decision. In contrast, Defendant Carlos Del Toro, Secretary of the Navy, contends that the BCNR's decision is supported by substantial evidence and must be affirmed. Dkt. 20 at 20. For the following reasons, the Court will uphold the BCNR's decision, grant Defendant's motion for summary judgment, and deny Plaintiff's motion for summary judgment.

---

[1] The Court uses the citation "AR" to refer the Administrative Record and the pagination used in the Administrative Record.

1

**Legal Standard**

The Secretary of the Navy, through the BCNR, is authorized to correct any Navy military record when he "considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1). The BCNR "may deny an application [to correct naval records] . . . if it determines that the evidence of record fails to demonstrate the existence of probable material error or injustice." 32 C.F.R. § 723.3(e)(2). When an application is denied without a hearing, "the [BCNR]'s determination shall be made in writing and include a brief statement of the grounds for denial" that "include[s] the reasons for the determination that relief should not be granted." 32 C.F.R. §§ 723.3(e)(3), (e)(4).

"The BCNR's denial of relief is a final agency action and is reviewable under the Administrative Procedure[] Act." *Voge v. Sec'y of Navy*, 1994 WL 474837, at *1 (4th Cir. 1994). The "plaintiff has 'the burden of showing by cogent and clearly convincing evidence that the military decision was the product of a material legal error or injustice.'" *Heuss v. Toro*, 2022 WL 598055, at *3 (E.D. Va. Feb. 28, 2022) (quoting *Roetenberg v. Sec'y of Air Force*, 73 F. Supp. 2d 631, 636 (E.D. Va. 1999)), *aff'd sub nom.*, *Heuss v. Hill*, 2023 WL 5696527 (4th Cir. Sept. 5, 2023).

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Generally, to survive a Rule 56 motion for summary judgment, a party must go beyond the pleadings and cite to its own affidavits, depositions, answers to interrogatories, and/or admissions on file to show that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "However, '[i]n a case involving review of a final agency action under the [APA] . . . the standard set forth in Rule 56(c) does not apply because of the limited role of a court

reviewing that administrative record.'" *Thompson v. United States*, 119 F. Supp. 3d 462, 467 (E.D. Va. 2015) (alterations and omission in original) (quoting *Sierra Club v. Mainella*, 459 F. Supp. 2d 76, 89 (D.D.C. 2006)).

Challenges to decisions made by military correction boards such as the BCNR in particular are subject to an "unusually deferential application of the arbitrary or capricious standard of the APA." *Downey v. U.S. Dep't of Army*, 110 F. Supp. 3d 676, 686 (E.D. Va. 2015) (quoting *Cone v. Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000)), *aff'd*, 685 F. App'x 184 (4th Cir. 2017). The BCNR's decision will be upheld if it is supported by "substantial evidence," or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Platone v. U.S. Dep't of Labor*, 548 F.3d 322, 326 (4th Cir. 2008) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (alteration in original) (quoting *Consol. Edison Co.*, 305 U.S. at 229). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.* at 103. "Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co.*, 305 U.S. at 229). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co.*, 305 U.S. at 229).

### Factual Background[2]

Plaintiff served in the U.S. Navy for nineteen years, from 2002 until June 2021. AR 028. On June 10, 2021, Plaintiff was discharged under honorable conditions. *Id.* The dispute at issue

---

[2] The following facts are undisputed and are taken from the certified administrative record of the proceedings before the BCNR. Dkt. 9 at 1.

3

arises out of events that occurred between August and October of 2017, while Plaintiff was stationed in Bahrain. AR 040–41, 063.

While stationed in Bahrain, Plaintiff used his credit card to purchase $1,300 plane tickets to fly two women from Thailand to Bahrain. AR 021. Once in Bahrain, the two women lived in the quarters of another servicemember and were used as prostitutes. *Id.* Plaintiff never requested that the other servicemember pay him back for the money he loaned the servicemember for the plane tickets. AR 025.

One of the women alleged that Plaintiff "stayed at [this servicemember's] house often and strangled her during sex on several occasions." AR 008. Then, one night, Plaintiff received a "frantic call" from the other servicemember requesting that the two women stay in Plaintiff's quarters, after which Plaintiff took the women into his quarters. AR 021. Once in Plaintiff's quarters, the women were able to escape. AR 033.

After receiving a tip that a woman was lured to Bahrain by what she thought was a legitimate job offer but was then forced to work as a prostitute upon arrival, the Naval Criminal Investigation Service ("NCIS") initiated an investigation. AR 032. NCIS investigated Plaintiff regarding his involvement in these events. AR 002, 021, 054. Thereafter, Plaintiff faced proceedings before the Separation Board. AR 048. After these proceedings concluded, the Separation Board unanimously found that "the evidence does support a basis for misconduct for commission of a serious offense of obstructing justice." AR 048, 055.

In its "Board Findings/Recommendations Sheet" document, the Separation Board concluded that Plaintiff committed misconduct in obstructing justice. AR 055–56. In making this determination, the Separation Board listed the following, as handwritten notes:

> (1) Character witness statements, eval[uation]s, awards[, and] training – he should have known better

> (2) After frantic phone call late at night from [another servicemember] he accepted females[,] no questions asked
> (3) From his statement [and] NCIS video[,] he is very well versed [in] prostitution
> (4) His job requires attention to detail [and] awards show he is very attentive[,] but was the complete opposite in this situation
> (5) The body of evidence shows he should have known [and] said something but he never asked [the other servicemember] about the situation or brought his concerns up the chain of command.
> *Guilty of obstruction of knowingly harboring a prostitute and not reporting to chain of command*

AR 056.

Nevertheless, the Separation Board recommended that Plaintiff be retained. AR 056. Thereafter, Plaintiff submitted a letter of deficiency to the Commanding Officer of the Transient Personnel Unit, challenging the Separation Board's conclusion that he obstructed justice. AR 059–60. In the letter, Plaintiff argued that the Separation Board "did not understand or apply the correct legal standard" in determining that Plaintiff's actions satisfied the elements of obstruction of justice. AR 060. Commander McGehee, the Commanding Officer of the Transient Personnel Unit in Norfolk, Virginia, disagreed with the Separation Board's decision to retain Plaintiff and recommended to Navy Personnel Command that Plaintiff be separated from the Navy. AR 062, 065. On April 28, 2021, the Acting Assistant Secretary of the Navy ("Assistant Secretary") approved Plaintiff's separation, and on June 10, 2021, Plaintiff was discharged from the Navy. AR 068, 028.

In the initial materials submitted to the Assistant Secretary, Plaintiff's letter of deficiency was not included. AR 068. However, once Navy Personnel Command learned that the letter had erroneously been omitted, the Assistant Secretary reconsidered Plaintiff's separation from the Navy, using the letter. AR 002, 078. On December 2, 2021, the Assistant Secretary thereafter affirmed its decision to separate Plaintiff from the Navy. AR 002.

Plaintiff then made an application for correction of military record to the BCNR, requesting

5

that the BCNR overturn his administrative separation and that he be granted constructive service from the time of separation to the date of the BCNR's decision. AR 012–14. Plaintiff argued that:

> The [Separation] Board Members entered a finding that the evidence substantiated that [Plaintiff] obstructed justice. The [B]oard struggled to reconcile the mental state required with the facts. Ultimately, the [B]oard concluded that [Plaintiff] "should have known something" and that he "should have said something." The [B]oard stopped short of concluding that [Plaintiff] knew he was obstructing justice or knew that he was assisting another to hide evidence.

AR 016.

The Navy Office of Legal Counsel provided an advisory opinion to the BCNR, recommending that the Separation Board's finding that Plaintiff obstructed justice be affirmed, and Plaintiff's application denied. AR 021, 023–025. In a letter, the BCNR denied Plaintiff's application and upheld the Separation Board's decision. AR 001–03. It stated that:

> The [BCNR]...determined that [Plaintiff's] argument that the [Separation Board] members struggled to reconcile the mental state required to substantiate obstruction of justice is without merit. The [BCNR] members found that [Plaintiff was] guilty of obstruction for knowingly harboring a prostitute and not reporting to the chain of command. The [BCNR] determined that the [Separation] Board members understood the *mens rea* requirement for obstruction of justice[] and did not misapply the requisite mental state.
> ...
> The [BCNR] determined that it was reasonable for the [Separation] Board members to find that [Plaintiff] had the intent to impede the due administration of justice through [his] actions. Based on the totality of the evidence, the [BCNR] found [Plaintiff's] arguments unconvincing and determined that the [Separation] Board did not commit a material error. Moreover, the [BCNR] relies on a presumption of regularity to support the official actions of public officers and, in the absence of substantial evidence to the contrary, will presume that they have properly discharged their official duties. The [BCNR] found [Plaintiff's] evidence insufficient to overcome this presumption. The [BCNR] thus concluded that there is no probable material error, substantive inaccuracy, or injustice warranting overturning [Plaintiff's] administrative separation or any associated relief.

AR 002–03.

The evidence in the administrative record before the BCNR shows that the BCNR had a correct copy of the elements for obstruction of justice. AR 011. It also shows that at the

proceedings before the Separation Board, Plaintiff continually stated that "he did not know" or "did not remember" why he never asked the other servicemember to reimburse him for the money he had spent on the plane tickets (over $1,300), even though Plaintiff and his family were in a "precarious financial situation." AR 054. At these same proceedings, Plaintiff stated that he "did not know" why he did not question the servicemember about why the servicemember had sounded worried on the phone when the servicemember asked Plaintiff to take the two women into his quarters. AR 054.

The administrative record shows that Plaintiff was familiar with prostitution through his experience of serving in Bahrain and having previously served in Singapore. AR 080. Plaintiff had also completed three trainings on combatting trafficking in persons. AR 283. In addition, the BCNR noted that the Department of Defense ("DoD") has required training on human trafficking since 2005. AR 002. It further noted that "[t]he DoD policy Combating Trafficking in Persons was promulgated to oppose prostitution, forced labor, and any related activities contributing to the phenomenon of trafficking in persons." AR 002.

On October 23, 2023, Plaintiff initiated this civil action. Dkt. 1. On April 18, 2024, this Court heard oral argument on the parties' cross-motions for summary judgment. *See* Dkt. 25. This matter is now ripe for resolution.

## Analysis

Plaintiff argues that the BCNR erred in affirming the Separation Board's finding that Plaintiff committed the offense of obstruction of justice. Plaintiff claims that the BCNR erred in so doing because the handwritten notes on the Separation Board's "Board Findings/Recommendations Sheet" show that the Separation Board applied the incorrect *mens rea* standard for obstruction of justice. Dkt. 14 at 2. However, "Plaintiff concedes . . . that the

7

[Separation Board] could have concluded that he did have the specific intent to obstruct justice, but the [Separation B]oard members chose not to make that conclusion because of their interpretation of the evidence." Dkt. 23 at 2. Still, Plaintiff argues that "when the [Separation B]oard articulates its specific reasoning, that reasoning must comport with the law." *Id.* at 4. Plaintiff asserts that the "[Separation B]oard's articulated reasoning does not comport with the law where they state that they only found the evidence to demonstrate that [Plaintiff] 'should have known or said something.'" *Id.*

However, this Court is reviewing the BCNR's decision to uphold the Separation Board's determination that Plaintiff obstructed justice, not the Separation Board's decision. Dkt. 14 at 14. The BCNR's decision is the final agency action that is subject to the Court's review. *Voge*, 1994 WL 474837, at *1 ("The BCNR's denial of relief is a final agency action and is reviewable under the Administrative Procedure[] Act."). Indeed, Plaintiff challenges action by the BCNR, not action by the Separation Board. Compl. ¶ 28; Dkt. 20 at 8. Plaintiff concedes that, under the relevant evidentiary standard, the evidence was sufficient for the Separation Board to find that Plaintiff obstructed justice. Dkt. 23 at 2. Thus, based on this concession, the Court could find that substantial evidence supports the BCNR's decision to uphold the Separation Board's finding. Upon a review of the administrative record, the Court also independently finds that substantial evidence supports the BCNR's decision to affirm the Separation Board's finding that Plaintiff had the required intent to commit obstruction of justice.

The parties do not dispute that to prove obstruction of justice, the following elements must be established:

> (1) That the accused wrongfully did a certain act;
> (2) That the accused did so in the case of a certain person against whom the accused had reason to believe there were or would be criminal proceedings pending;

8

> (3) *That the act was done with the intent to influence, impede, or otherwise obstruct the due administration of justice.*; and
>
> (4) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

*Manual for* COURTS-MARTIAL, Part IV, § 96, Art. 134 (2016 ed.) (emphasis added); *see* Dkt. 14 at 10; Dkt. 20 at 21.[3]

Plaintiff's challenge to the Separation Board's decision focuses on the third element of obstruction of justice—that the act was done with the intent to influence, impede, or otherwise obstruct the due administration of justice. *See* Dkt. 14 at 11–14. Here, substantial evidence supports the BCNR's decision to uphold the Separation Board's finding that Plaintiff acted with the intent to influence, impede, or otherwise obstruct the due administration of justice. The evidence shows that Plaintiff used his credit card to purchase plane tickets worth $1,300 to fly two women from Thailand to Bahrain. AR 021. These two women were then used as prostitutes and lived in the quarters of another serviceman. AR 021. One of the women alleged that Plaintiff often stayed at this serviceman's house and had engaged in sexual intercourse with her on several occasions. AR 008. Plaintiff never requested that the serviceman pay him back for the money he loaned the serviceman for the plane tickets, despite the "precarious financial situation" of Plaintiff and his family. AR 025, 054. Further, when Plaintiff received a "frantic call" from the other serviceman, asking Plaintiff to take the two women into Plaintiff's quarters, Plaintiff did so without question. AR 021, 054.

---

[3] The relevant version of the offense is the version in effect at the time the defendant committed the charged conduct. *See United States v. Ward*, 770 F.3d 1090, 1094 n.4 (4th Cir. 2014) ("[W]e held that the former version of the statute, which was in effect when the defendants committed the underlying offenses, applied because there was no indication that Congress intended that the amended statute apply retroactively."). The version of the statute in effect when Mr. Drenning committed the offense of obstruction of justice is the version cited here.

9

The evidence shows that Plaintiff was familiar with prostitution from serving in Bahrain and Singapore. AR 080. Further, the BCNR noted that the DoD has required training on human trafficking since 2005 and that the DoD policy "Combatting Trafficking in Persons" was promulgated to oppose prostitution. AR 002. During his time in service, Plaintiff completed three trainings on combatting trafficking in persons. AR 283.

Given these factual findings, as well as Plaintiff's training and experience, the Court finds that substantial evidence supports the BCNR's decision to uphold the Separation Board's finding that Plaintiff knew that the women were prostitutes and that his fellow servicemember was committing a crime by harboring these women.[4] Thus, Plaintiff's harboring of the women in his residence—without question—after receiving a "frantic" phone call from his fellow servicemember further supports the finding that he harbored the women in his quarters to impede an investigation into potentially criminal conduct, obstructing the due administration of justice. *Cf. United States v. Silva*, 745 F.2d 840, 849 (4th Cir. 1984) (concluding that the defendant's actions of renting a motel room and a fugitive appearing with his possessions at the room after the defendant called the fugitive was sufficient evidence to establish the "concealment"/ "avoiding detection" element of harboring a fugitive). Plaintiff's failure to report this suspected crime to his chain of command[5] also strengthens the conclusion that Plaintiff harbored these women to impede

---

[4] Under the Uniform Code of Military Justice, compelling "another person to engage in an act of prostitution with any person is guilty of forcible pandering and shall be punished as a court-martial may direct." 10 U.S.C. § 920c(b).

[5] Under Article 1137 of the Naval Regulations, "[p]ersons in the naval services shall report as soon as possible to superior authority all offenses under the Uniform Code of Military Justice which come under their observation, except when such persons are themselves already criminally involved in such offenses at the time such offenses first come under their observation." *General Regulations*, Ch. 11, § 4, *Duties of Individuals*, Art. 1137, *available at* https://www.secnav.navy.mil/doni/US%20Navy%20Regulations/Chapter%2011%20-%20General%20Regulations.pdf (last visited Sept. 10, 2024).

any investigation. In sum, the Court finds that there is substantial evidence in the administrative record to support the BCNR's affirmance of the Separation Board's finding that Plaintiff committed obstruction of justice.

## Conclusion

For the foregoing reasons, the Court finds that the BCNR's decision was not arbitrary and capricious and will affirm its decision. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment (Dkt. 19) is **GRANTED**; it is further

**ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. 13) is **DENIED**; and it is further

**ORDERED** that the Clerk is **DIRECTED** to enter judgment in favor of Defendant in accordance with Rule 58 of the Federal Rules of Civil Procedure. The Clerk is further directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

Entered this 13th day of September, 2024.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

11